JMK:MEB
F. #2015R00303

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ABDEL SOLIMAN and
AURORA SPAVEN,

                Defendants.

- - - - - - - - - - - - - - - - -X

INDICTMENT

Cr. No. **CR 17- 00007**
(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1343,
1349, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**KORMAN, J.**

**SCANLON, M.J.**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.      The defendants ABDEL SOLIMAN and AURORA SPAVEN were tax preparers who resided in Astoria, Queens.

2.      Between approximately 2012 and 2014, the defendants ABDEL SOLIMAN and AURORA SPAVEN operated Soliman Tax Services Corporation ("Soliman Tax Services"). From approximately 2015 to the present, SOLIMAN and SPAVEN operated Ascension Tax Services Corporation ("Ascension"). Soliman Tax Services and Ascension were both based in Astoria, Queens. Through these businesses, among other things, SOLIMAN and SPAVEN prepared U.S. Individual Income Tax Returns, Forms 1040 ("Forms 1040"), and associated schedules for their clients. A Form 1040 was an annual income tax return filed with the Internal Revenue Service ("IRS") by a U.S. citizen or

resident in which the citizen or resident reported income and deductions to determine the amount of tax owed or the amount to be refunded to the taxpayer. SOLIMAN and SPAVEN filed and caused to be filed Forms 1040 for their clients with the IRS electronically from the Eastern District of New York to IRS offices located outside of New York, including an IRS office in Andover, Massachusetts.

3. Wage and Tax Statements, Forms W-2 ("Forms W-2"), were used by employers to report annual employee compensation to the IRS. Specifically, a Form W-2 reported the employee's annual wages, earnings and tips, and the amount of taxes withheld from the employee's wages by the employer. Companies were required to provide copies of their Forms W-2 to both the employee and the IRS. A Form W-2 was typically attached to an employee's electronically filed Form 1040.

4. Many of the Forms 1040 submitted by the defendants ABDEL SOLIMAN and AURORA SPAVEN through Soliman Tax Services and Ascension on behalf of their clients included and attached false and fraudulent Forms W-2 that indicated that the clients had received wages from certain companies, and had made tax payment withholdings, when, in fact, and as SOLIMAN and SPAVEN knew, those clients had not. Those companies included: (1) Future Group & Car Service, Inc. ("Future Group"); (2) Medical Solutions Supply of NY, Inc. ("MSS"); (3) MSM Food Corporation; (4) Zaina Supply, Inc.; (5) Hammer and Lumber Corp. ("Hammer and Lumber"); and (6) WN Distributor Corporation ("WN Distributor") (collectively, the "False Companies").

5. In addition, the False Companies never filed with the IRS any Forms W-2 for any employees, nor any corporate tax returns.

6. Between approximately 2012 and 2015, the defendants ABDEL SOLIMAN and AURORA SPAVEN, through Soliman Tax Services and Ascension, submitted and caused to be submitted approximately 400 Forms 1040 for certain clients that attached Forms W-2 that reported purported wages and tax withholdings for those clients from the False Companies. In those Forms 1040, Soliman Tax Services and Ascension requested tax refunds totaling approximately $2,880,000 from the IRS. Further, those Forms 1040 directed that approximately $500,000 of those fraudulent refunds be sent by the IRS to bank accounts controlled by SPAVEN and SOLIMAN.

## COUNT ONE
(Conspiracy to Defraud the United States)

7. The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. In or about and between January 2012 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABDEL SOLIMAN and AURORA SPAVEN, together with others, did knowingly and willfully conspire to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment and collection of revenue, specifically, causing the preparation of fraudulent Forms 1040 and Forms W-2.

9. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ABDEL SOLIMAN and AURORA SPAVEN, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

a. On or about January 31, 2012, SOLIMAN and SPAVEN, though Soliman Tax Services, filed and caused to be filed electronically with the IRS a Form 1040 for John Doe 1, an individual whose identity is known to the Grand Jury, that attached a fraudulent Form W-2 stating that John Doe 1 earned wages from MSS and had taxes withheld, and claimed a tax refund in the amount of approximately $8,151.

b. Based on the information submitted in John Doe 1's Form 1040, on or about February 15, 2012, the IRS electronically transferred approximately $8,151 to a Banco Popular bank account in the name of SPAVEN.

c. On or about February 19, 2012, SOLIMAN and SPAVEN, through Soliman Tax Services, filed and caused to be filed electronically with the IRS a Form 1040 for Jane Doe 1, an individual whose identity is known to the Grand Jury, that attached a fraudulent Form W-2 stating that Jane Doe 1 earned wages from Future Group and had taxes withheld, and claimed a refund in the amount of approximately $7,122.

d. Based on the information submitted in Jane Doe 1's Form 1040, on or about February 29, 2012, the IRS electronically transferred approximately $7,122 to a TD Bank bank account in the name of SPAVEN.

e. On or about August 14, 2012, SOLIMAN and SPAVEN, through Soliman Tax Services, filed and caused to be filed electronically with the IRS a Form 1040 for Jane Doe 2, an individual whose identity is known to the Grand Jury, that attached a fraudulent Form W-2 stating that Jane Doe 2 earned wages from MSS and had taxes withheld, and claimed a refund in the amount of approximately $3,828.

f. Based on the information submitted in Jane Doe 2's Form 1040, on or about August 29, 2012, the IRS electronically transferred approximately $3,828 to a Citibank bank account in the name of SPAVEN.

g. On or about January 30, 2014, SOLIMAN and SPAVEN, through Soliman Tax Services, filed and caused to be filed electronically with the IRS a Form 1040 for Jane Doe 2 that attached a fraudulent Form W-2 stating that Jane Doe 2 earned wages from MSS and had taxes withheld, and claimed a refund in the amount of approximately $7,771.

h. Based on the information submitted in Jane Doe 2's Form 1040 and in a related tax filing regarding allocation of the claimed refund, on or about February 10, 2014, the IRS electronically transferred approximately $3,546 to a JPMorgan Chase bank account in the name of a relative of SPAVEN.

i. On or about February 26, 2014, SOLIMAN and SPAVEN, through Soliman Tax Services, filed and caused to be filed electronically with the IRS a Form 1040 for Jane Doe 1 that attached a fraudulent Form W-2 stating that Jane Doe 1 earned wages from Hammer and Lumber and had taxes withheld, and claimed a refund in the amount of approximately $5,238.

j. Based on the information submitted in Jane Doe 1's Form 1040, on or about March 6, 2014, the IRS electronically transferred approximately $5,238 to an Astoria Bank bank account in the name of an individual associated with SOLIMAN.

k. On or about February 20, 2015, SOLIMAN and SPAVEN, through Ascension, filed and caused to be filed electronically with the IRS a Form 1040 for John Doe 2, an individual whose identity is known to the Grand Jury, that attached a Form

5

W-2 stating that John Doe 2 earned wages from WN Distributor and had taxes withheld, and claimed a refund in the amount of approximately $1,596.

        l.      Based on the information submitted in John Doe 2's Form 1040, on or about March 16, 2015, the IRS electronically transferred approximately $1,596 to a third-party tax service business that prepared a check in the amount of $1,459.05 payable to John Doe 2.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud)

        10.    The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

        11.    In or about and between January 2011 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABDEL SOLIMAN and AURORA SPAVEN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the IRS, and to obtain money and property, to wit: tax refunds, from the IRS, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNTS THREE THROUGH EIGHT
(Wire Fraud)

12. The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2011 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ABDEL SOLIMAN and AURORA SPAVEN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the IRS, and to obtain money and property, to wit: tax refunds, from the IRS, by means of materially false and fraudulent pretenses, representations and promises.

14. On or about the dates set forth below, for the purpose of executing such scheme and artifice, SOLIMAN and SPAVEN, together with others, did transmit and cause to be transmitted to the IRS, by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, as set forth below:

| Count | Date Form 1040 Submitted Electronically | Taxpayer | False Company Listed on Attached Form W-2 | Approximate Refund Requested |
|---|---|---|---|---|
| THREE | 1/31/2012 | John Doe 1 | MSS | $8,151 |
| FOUR | 2/19/2012 | Jane Doe 1 | Future Group | $7,122 |
| FIVE | 8/14/2012 | Jane Doe 2 | MSS | $3,828 |
| SIX | 1/30/2014 | Jane Doe 2 | MSS | $7,771 |
| SEVEN | 2/26/2014 | Jane Doe 1 | Hammer and Lumber | $5,238 |
| EIGHT | 2/20/2015 | John Doe 2 | WN Distributor | $1,596 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATIONS
## AS TO COUNTS TWO THROUGH EIGHT

15. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Two through Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

8

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

                A TRUE BILL

                _____
                FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. #2015R00303
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*ABDEL SOLIMAN and AURORA SPAVEN*,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1343, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)).)

*A true bill.*

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

*Mark E. Bini, Assistant U.S. Attorney (718) 254-8761*