UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                                    )          17 CR 7 (S-1) (ERK)<br>)<br>AURORA SPAVEN                              )<br>                    Defendant            )<br>) | |

-----------------------------------------------------------------

**DEFENDANT AURORA SPAVEN'S**
**OBJECTIONS TO THE PRESENTENCE REPORT**
**AND REQUEST FOR A DOWNWARD DEPARTURE &**
**MITIGATION UNDER 18 U.S.C. § 3553(a)**

Comes now Defendant AURORA SPAVEN, through Walter Drobenko, Esq. of Drobenko & Associates, P.C. , by and through the undersigned , and hereby shows the Court as follows:

The United States Probation Office issued its Presentence Report in this case on March 9, 2018, and thereafter issued an Addendum to the Presentence Report on April 26, 2018.

### INTRODUCTION

Defendant's has several disputes with the Presentence Report ("PSR").

### THE GOVERNMENT CONCEDED TO THE ADJUSTED OFFENSE LEVEL 10

The primary dispute concerns the PSR offense level calculation of 11. The Government and the Defendant after several months of negotiations entered into a Plea Agreement dated September 6, 2017. Pursuant to the Plea Agreement, the Total Offense Level was 12. However, since the Defendant clearly demonstrated acceptance of responsibility, through the allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted,

1

pursuant to U.S.S.G. 3E1.1(a), resulting in an adjusted offense level of 10 and a range of imprisonment of 6-12 months, assuming that the Defendant falls within Criminal History Category I.  Pursuant to the PSR paragraph 32, Probation confirms that since the Defendant has no criminal convictions apart from the instant offense, according to the Sentencing Table (Chapter 5, Part A), that Defendant's falls within the Criminal History Category I.  After receiving the PSR report which listed the total offense lever as 11, the undersigned contacted Mark E. Bini, AUSA, and on behalf of the Government he agreed to adhere to the adjusted offense level of 10.

## FAMILY TIES WARRANT A DOWNWARD DEPARTURE

The second dispute relates to the PSR report, specifically paragraph 81, in which Probation states "although family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted, in this case, the defendant has two minor children ages 7 and 4.  Although her parents could ameliorate the loss of her care taking, her incarceration may cause emotional distress in the defendant's minor children's lives".

Pursuant to my client's interview Defendant is the sole care taker of the two minor children, and, upon information and belief, the interview with defendant's parent(s) Probation was provided with information that the mother and father are not able to take care of the children because of the mother's health condition and the fact that the father works a full time job.  Therefore, there is no basis is fact to support the conclusion in the PSR that the parents could ameliorate the loss especially in light of paragraph 42.  Moreover, recently, defendant's sister-in-law, who resides in Albania, has been diagnosed with cancer and undergoing chemotherapy.  The parents will be traveling to Albania to spend time with their daughter-in-law.  Defendant booked

2

the tickets for the parents and they are departing May 20, 2018 and they will be staying a minimum of 5 weeks.  Therefore, the parents will not ameliorate the loss of Defendant as the care taker.  Moreover, the PRS incorrectly concludes by stating " her incarceration <u>may</u> likely cause emotional distress in the defendant's minor children's lives. U.S.S.G. § 5h1.6".  Defendant's incarceration <u>will cause</u> emotional distress in the defendant's minor children's lives because the Defendant has been and is currently the only caretaker of the minor children.   Based upon the above facts and that the Defendant is the sole caretaker of the two minor children, these factors must also be included as a separate justification for downward departure.

### SOLE PROVIDER WARRANTS A DOWNWARD DEPARTURE

The third dispute relates to fact is that my client is solely financially responsible for the children.  If the court's sentence involves any incarceration, the Defendant will lose her job and the children will lose the financial support from my client, including but not limited to paying for the children's education.  As set forth in the PSR report, Defendant does not get any child support from the co-defendant. (see PSR paragraph 41).  These factors must also be included as a separate justification for downward departure under 18 U.S.C. § 3553(a).

Under the Sentencing Guidelines, the court may consider family ties.  The sentencing judge has "authority under the Guidelines to depart downwardly in view of Defendant's family ties and responsibilities. See <u>United States v. Johnson</u>, 964 F. 2nd 124, 129 (2nd Cir. 1991), See also <u>United States v. Sharpsteen</u>, 913, F. 2d 59, 63 (2nd Cir. 1990) cf. U.S.S.G. § 5H1.10.  In <u>Johnson</u>, the Second Circuit approved a large deduction so that the defendant would be able to care for her dependents.  The Court held the following:

"the rationale for the departure . . . Is not that the defendant's family

3

circumstances decrease her culpability, but that we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing. . . The departures was not on behalf of the defendant herself, but on behalf of her family". Id. 964 F. 2d. 129.

Based upon the fact that the Defendant is divorced from co-defendant and the co-defendant will be incarcerated, Defendant is the only caretaker and the only financial provider for the children, and therefore, the downward departure is warranted.

The Court has an independent power and responsibility to impose the proper sentence in the exercise of its discretion. See United States v. Lara, 905 F. 2d 599 (2nd Cir. 1990). It may depart downward even without a motion from the Defendant and over the Government's objection where the guidelines permit. See 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0; United States v. Jagmohan, 909 F. 2d 61 (2nd Cir. 1990)( upholding downward departure over objection of government and without motion by defendant. The Court, in the instant case, must exercise the independent power and responsibility and depart downward for the reasons set forth hererin.

### DEFENDANT'S CONDUCT AFTER THE INDICTMENT

The Defendant, after the indictment obtained a full time job as a salesperson for Haldey Pharmaceutical Compounding (hereinafter Haldey) located at 2510 Westchester Avenue, Suit 207, Bronx, N.Y. 10461. Defendant, during the last year, has become one of the top 5 salespersons in Haldey.

The Defendant has paid the Forfeiture Money Judgment in the amount of $6,800.00. Ms. Spaven registered for the Kaplan LSAT and she is currently registered to take the LSAT exam on June 11, 2018 at CUNY Law School. The Kaplan registration, LSAT registration and a copy of

the test center information were all confirmed in the Addendum to the PSR.

## THE GOVERNMENT DOES NOT OBJECT TO DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURE

The Government, in paragraph 5 of the Plea Agreement, agreed that "it will take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and make no motion for an upward departure under the Sentencing Guidelines."

## PSR ADDENDUM DATED APRIL 26, 2018

Probation issued an Addendum dated April 26, 2018, which incorporates the above objections. In addition, the Addendum provides additional information that the Defendant has provided a copy of the judgement of divorce from co-defendant Abdel Soliman which was recorded on March 4, 2018, in the Supreme Court Queen County; that the defendant is registered at Kaplan Test Prep to take the Law School Admission Test (LSAT); she is scheduled to take the LSAT exam on June 11, 2018; notably, defense counsel provided photocopies of Defendant's Kaplan Test Prep registration, LSAT registration and a copy of the LSAT test center information.

The Probation Department respectfully defers to the Court in reference to Defense Counsel's request for mitigation under 18 U.S.C. § 3553(a).

## CONCLUSION

The offense level determined in the PSR is inappropriate in light of the Plea Bargain Agreement whereby the Government and the Defendant Agreed that the offense level is 10 points.

The Defendant should be granted a six (6) point downward departure from the adjusted base level of 10 points based upon the fact that Defendant is the only care giver and is solely financially responsible for the two minor children. Moreover, warranting the above departures, is the fact that the Defendant has changed her life, maintaining a full time job and is on the path of studying law as set forth above.

Lastly, for the reasons set forth above, it is respectfully requested that the Court exercise its discretion under 18 U.S.C. § 3553(a).

Dated: May 9, 2018

                                                Respectfully submitted,

                                                / S /
                                                Walter Drobenko, Esq.
                                                Drobenko & Associates, P.C.
                                                Attorney for the Defendant Aurora Spaven
                                                25-84 Steinway Street
                                                Astoria, N.Y. 11103
                                                Tel. (718) 721-2000
                                                Fax. (718) 721-8812
                                                Email. Wdrobenko@cs.com

To:    Mark E. Bini, Esq.
        271 Cadman Plaza East
        Brooklyn, N.Y. 11201
        Tel. (718) 254-6092
        Email: Mark.Bini@USDOJ.GOV